UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY HAMILTON,

                **Plaintiff,**

            **v.**                           **Civil Action 03-01142  (HHK)**

MEL R. MARTINEZ, Secretary,
Department of Housing and Urban
Development,

                **Defendant.**

## MEMORANDUM OPINION

Plaintiff, Gary Hamilton ("Hamilton"), brings this action claiming that he has been subjected to employment discrimination based on his race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq*., and age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*.  Presently before the court is defendant's motion for summary judgment [#8].  Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion must be granted.

## I. BACKGROUND

Hamilton, a 46 year-old African-American man, works in the field of industrial hygiene. On July 8, 2001, he applied for the position of "Environmental Scientist/Industrial Hygienist GS-0301-13/14," vacancy announcement number PO-MSH-2001-0108Z, in the Office of Healthy Homes and Lead Hazard Control of the Department of Housing and Urban Development ("HUD").  Compl. ¶ 8.  On November 6, 2001, Hamilton "learned that he was not selected and that a less qualified younger white female was selected."  *Id*. ¶ 10.  On March 4, 2002, Hamilton

filed an administrative complaint alleging that he was denied the Environmental Scientist/Industrial Hygienist position on the basis of his race and age.  Compl. ¶ 3.  After 180 days passed without any agency action on the complaint, Hamilton brought this suit.[1]

## II. ANALYSIS [2]

### A.    ADEA

The ADEA prohibits an employer from failing to hire an individual "because of such individual's age," 29 U.S.C. § 623(a)(1), a protection applying to workers 40 years of age and older.  *Id*. § 631(a).  When, as here, a plaintiff seeks to prove unlawful age discrimination by presenting circumstantial evidence and is challenged by a motion for summary judgment, his claim is analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Hall v. Giant Food, Inc.*, 175 F.3d 1074, 1077 (D.C. Cir. 1999).  Under this framework, the plaintiff bears the initial burden of making a prima facie case of discrimination by bringing forth facts sufficient "to create a reasonable inference that . . . age was a factor in the employment decision at issue."  *Krodel v. Young,* 748 F.2d 701, 705 (D.C. Cir.

---

[1] Hamilton does not specify whether he filed his charge of discrimination with the United States Equal Employment Opportunity Commission or with a state or local agency.

[2] Under Fed. R. Civ. P. 56, summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law.  Material facts are those "that might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In considering a summary judgment motion, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.  But the non-moving party's opposition must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  The non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor.  *Laningham v. United States Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987).  If the evidence is "merely colorable" or "not significantly probative," summary judgment may be granted.  *Anderson,* 477 U.S. at 249-50.

1984).  If the plaintiff carries this burden, he creates a rebuttable presumption that the defendant employer unlawfully discriminated against him.  *Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1151 (D.C. Cir. 2004) (citation omitted).

The burden then passes to the defendant to rebut the plaintiff's prima facie case by offering a "legitimate, nondiscriminatory reason" for its actions.  *McDonnell Douglas*, 411 U.S. at 802.  If the defendant meets this burden, the plaintiff "must be given an opportunity to prove that the employer's professed reason for its actions is, in fact, a pretext for discrimination."  *Teneyck*, 365 F.3d at 1151 (citation omitted).

To establish a prima facie case, Hamilton must demonstrate that he (1) belongs to the protected class (persons at least 40 years old); (2) applied and was qualified for a position; (3) was denied the position despite his qualified status; and (4) was disadvantaged in favor of a younger person.  *See Coburn v. Pan Am. World Airways, Inc.*, 711 F.2d 339, 342 (D.C. Cir. 1983); *Paquin v. Fed. Nat'l Mortgage Ass'n*, 119 F.3d 23, 26 (D.C. Cir. 1997).

In this case, Hamilton adduces evidence sufficient to establish the first three elements of his prima facie case.  It is undisputed that he was at least 40 years of age at the time HUD denied him employment.  The parties also agree that Hamilton applied for the vacant position with HUD's Office of Healthy Homes and Lead Hazard Control, that he was qualified for the position, and that he was denied the position.  *See* Def.'s Mot. for Summ. J., Ex. 1 at 6 (noting that Hamilton was "in the best qualified group considered by the Selecting Official," although not selected).  His evidence fails, however, with respect to the fourth element, that he was passed over in favor of a younger applicant.  In its statement of material facts not in dispute, HUD states that the person selected for the position sought by Hamilton is more than eight years *older* than Hamilton.  Def.'s Mot. for Summ. J., Statement of Material Facts ¶ 10.  Since Hamilton does not

3

dispute this asserted fact in his opposition to HUD's motion, the court may properly treat it as conceded. *See FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997). Accordingly, because Hamilton fails to presents a prima facie case of age discrimination, HUD is entitled to summary judgment on his claim of age discrimination.

**B.      Title VII**

As with Hamilton's claim of age discrimination, Hamilton's claim of race discrimination is analyzed under burden-shifting framework established in *McDonnell Douglas,* 411 U.S. at 802-04, *see Carter v. George Washington Univ.*, 387 F.3d 872, 878 (D.C. Cir. 2004). First, Hamilton must establish a prima facie case. This is done by showing that he (1) is a member of a protected class; (2) applied and was qualified for a position; (3) despite his qualifications, was rejected for the position; and (4) either someone else filled the position or it remained vacant and the employer continued to solicit applicants. *Lathram v. Snow*, 336 F.3d 1085, 1088 (D.C. Cir. 2003); *see also Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1149-50 (D.C. Cir. 2004) (noting that *McDonnell Douglas* framework is "paradigmatic" for failure-to-hire cases). It is apparent that Hamilton has carried his burden of establishing a prima facie case. There is no dispute that, as an African-American, Hamilton is a member of a protected class. As discussed *supra* p. 3, the parties also agree that Hamilton was qualified and applied for the vacancy, and that the Office of Healthy Homes and Lead Hazard Control filled the position with someone other than Hamilton.[3]

Because Hamilton has successfully carried his burden of establishing a prima facie case,

---

[3] The last element of a plaintiff's prima facie case under Title VII is different from its equivalent under ADEA. A plaintiff alleging that an employer failed to hire her on the basis of race "need not demonstrate that she was replaced by a person outside her protected class in order to carry her burden of establishing a prima facie case under *McDonnell Douglas*." *Stella v. Mineta*, 284 F.3d 135, 146 (D.C. Cir. 2002).

the burden shifts to HUD to assert a legitimate, non-discriminatory reason for electing not to hire him. HUD states that the person selected for the position sought by Hamilton "had more experience with housing and health related issues" than Hamilton had. Def.'s Mot. for Summ. J. at 7. HUD introduces affidavits from the two people directly responsible for evaluating applicants for the position. Warren Friedman ("Friedman"), whose role was to screen and recommend candidates, states that under the criteria he considered, namely "technical competence, experience in housing related health issues, scientific expertise, and quality of writing," Hamilton "did not compare favorably" with the selectee. Def.'s Mot. for Summ. J., Ex. 10 at 2-3 (Friedman Aff.). David Jacobs ("Jacobs"), the official responsible for actually selecting the candidate to fill the position, states that the selectee was the "one candidate with strong housing and environmental qualifications, who stood out from the others," adding that "the specific rationale for not selecting Mr. Hamilton was that his housing experience was not as strong." *Id.*, Ex. 9 at 2-3 (Jacobs Aff.); Statement of Material Facts ¶¶ 6-9. Both men note that the hiring decision was made solely on the basis of candidates' written submissions, and did not include interviews.[4] *Id.*, Exs. 9 at 2 (Jacobs Aff.), 10 at 2 (Friedman Aff.); Def.'s Statement of Material Facts ¶¶ 16-17.

Additionally, Friedman and Jacobs both state that they knew the selectee professionally prior to evaluating applications for the Environmental Scientist/Industrial Hygienist position, since she had previously worked on lead issues as a HUD contractor. *Id.*, Exs. 9 at 3 (Jacobs

---

[4] Although Friedman also avers that he did not know Hamilton's race at the time he reviewed the applications, Def.'s Mot. for Summ. J., Ex. 10 at 3, Hamilton disputed this contention in his administrative complaint. Id., Ex. 1 at 4. Because the non-moving party is entitled to justifiable inferences in his favor, the court will not credit Friedman's assertion for purposes of deciding the present motion.

Aff.), 10 at 3 (Friedman Aff.); Statement of Material Facts ¶¶ 13-15. These explanations, supported by sworn statements, provide a legitimate and non-discriminatory rationale for HUD's decision not to hire Hamilton.

Next, the court considers whether Hamilton has presented evidence which might lead a reasonable jury to conclude that HUD's benign explanation for its decision is pretext for discrimination. Hamilton has not presented such evidence. Indeed, aside from simply describing the *McDonnell Douglas* burden-shifting framework, Pl.'s Opp'n at 2, 16, Hamilton does not even *mention* race in his opposition to HUD's motion for summary judgment. Rather, Hamilton embarks on an extended discussion comparing his credentials with the selectee's, noting invariably that he is the more qualified of the two. Instead of explaining how HUD's hiring decision, notwithstanding the agency's contentions, was actually motivated by race, Hamilton focuses on his "superior management and leadership capabilities," *id*. at 6, assertedly stronger academic experience, *id*. at 8, and overall "skills and abilities greatly exceeding that of the selectee." *Id*. at 6. While praising his own qualifications in a point-by-point critique of each question that applicants for the Environmental Scientist/Industrial Hygienist position had to answer, Hamilton also devotes considerable attention to attacking the selectee, noting her limited experience with housing issues, *id*. at 9, 10-11, less relevant writing skills, *id*. at 13, and inferior professional training, *id*. at 5, 7.

No matter how heartfelt Hamilton's convictions, his own personal opinions on the strength of his abilities – or the selectee's lack thereof – are irrelevant to the matter at hand. "It is the plaintiff's duty to put forth evidence of discrimination, not to quibble about the candidates' relative qualifications." *Vasilevsky v. Reno*, 31 F. Supp. 2d 143, 150 (D.D.C. 1998) (citation omitted). Without a showing that HUD chose another candidate over Hamilton on account of his

race, the court will not second-guess the employer's hiring choices by undertaking a comparison of the candidates' respective credentials.  *See Barbour v. Browner*, 181 F.3d 1342, 1346 (D.C. Cir. 1999); *Skelton v. ACTION*, 668 F. Supp. 25, 27 (D.D.C. 1987) ("Unless the employer's choice of candidates can be shown to have been tainted by unlawful discrimination, it must be allowed to stand, no matter how unwise it may seem to the disappointed applicant.").  Hamilton's argument that the hiring officials gave the selectee an "unfair advantage" because "they were aware of the selector's [sic] expertise and knowledge," Pl.'s Opp'n at 15, simply underscores how bereft his complaint is of any evidence of actual discrimination.

### III. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted.  An appropriate order accompanies this memorandum opinion.

> Henry H. Kennedy, Jr.
> United States District Judge

Dated: February 16, 2005